IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| RANDY EDWARD VANCE, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV208-031 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE HERNDON, Warden, and | ) | |
| ATTORNEY GENERAL, STATE | ) | |
| OF GEORGIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Randy Vance ("Vance"), an inmate currently incarcerated at Walker State Prison in Rock Spring, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions obtained in the Superior Court of Long County. Respondent filed an Answer-Response and a Motion to Dismiss, both of which were amended. Vance has responded. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Vance was convicted in Long County Superior Court on April 4, 1990, after a jury found him guilty of malice murder and cruelty to children. Vance was sentenced to life imprisonment for murder and twenty years' imprisonment on the cruelty to children count. Vance filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions and sentences on May 22, 1992. (Doc. No. 10, p. 1). Vance filed a state habeas corpus petition in Bibb County Superior Court on March 8, 2001, which was

dismissed on June 21, 2001. Vance did not file an application for certificate of probable cause to appeal the denial of habeas relief.

Vance filed the instant petition on March 6, 2008. He asserts the prosecutor's closing statement during his criminal trial violated his constitutional right to a fair trial. Respondent asserts that Vance's petition was untimely filed and should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1).[1] For those prisoners whose state convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, this one year statute of limitations period began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, these prisoners must have filed a federal petition for writ of habeas corpus prior to April 24, 1997, to be considered timely. Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (concluding the one-year statute of limitations period applicable to collateral attacks of pre-AEDPA obtained convictions is calculated using Rule 6(a) of the Federal Rules of Civil Procedure, i.e., the day giving rise to the events is not counted). The limitations period could be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1] This statute of limitations period ordinarily runs from the latest of four possible dates: (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). However, Vance's convictions were final prior to April 24, 1996, and the ordinary statute of limitations triggering events are not applicable to this case.

or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

Vance's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Vance was found guilty after a jury trial in the Long County Superior Court on April 4, 1990. Vance filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions and sentences on May 22, 1992. Vance had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Vance filed neither of these pleadings. Thus, his conviction became final on or about June 1, 1992. Ga. Ct. App. R. 37 (b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed). Because Vance's conviction became final prior to the enactment of the AEDPA he had until April 24, 1997 in which to file a timely federal habeas corpus petition.

Vance did not file a petition for writ of habeas corpus in the Bibb County Superior Court until March 8, 2001, which was nearly four (4) years after the expiration of the applicable statute of limitations. The Court recognizes Vance's assertions that he filed a "delayed and discretionary appeal" in September 2005, which was denied on April 24, 2007 (Doc. No. 1, p. 4), and that he believed the one-year grace period began when his

post-conviction remedies were exhausted. Vance's assertions are unavailing. The applicable statute of limitations period did not toll in this case, as Vance filed his state habeas corpus petition well after the expiration of the statute of limitations period applicable to section 2254 cases.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Vance's petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 7th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE