In the United States District Court
for the Southern District of Georgia
Brunswick Division

| | | |
|---|---|---|
| RANDY EDWARD VANCE, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| DALE HERNDON, Warden, and ATTORNEY GENERAL, STATE OF GEORGIA, | : | |
| Respondents. | : | NO. CV208-31 |

### O R D E R

Petitioner, Randy Edward Vance, is currently incarcerated at the Walker State Prison in Rock Spring, Georgia. After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation is adopted as the opinion of the Court, as modified below.

The Magistrate Judge recommended that Vance's petition for a writ of habeas corpus be dismissed because it was untimely. The Court agrees with that conclusion. Vance's conviction became final before the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted into law on April 24, 1996. See 28 U.S.C. § 2244. The AEDPA provides

that prisoners filing a petition for habeas corpus relief in federal court have one year to file their petition, which is triggered by the latest of four possible events under the statute. 28 U.S.C. § 2244(d)(1). As the Magistrate Judge noted, Vance's limitation period began running on the date the AEDPA was enacted, because Vance's sentence became final before that time.

The AEDPA's limitations period may be tolled in certain circumstances. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On April 23, 1997, 364 days after the AEDPA was enacted, Vance filed his first state habeas petition. Under § 2244(d)(2), the filing of this petition tolled Vance's limitations period for filing his federal habeas petition. On September 8, 2000, Vance's first state petition was dismissed without prejudice. Any appeal from this order was due to be filed within thirty days,[1] but no appeal was ever

---

[1] Because October 8, 2000, was a Sunday, Vance could have filed a timely appeal on Monday, October 9, 2000. As the State notes, Vance's application remained "pending" until his time for appellate review lapsed. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir.

AO 72A
(Rev. 8/82)

lodged by Vance. Ga. Code Ann. § 5-6-38.

On March 8, 2001, six months after his previous motion was dismissed, Vance filed a second state habeas petition. Vance's second petition was denied, and Vance did not appeal.[2] In September 2005, Vance filed a delayed and discretionary appeal with the Georgia Supreme Court. On April 24, 2007, that appeal was denied. Vance filed his federal habeas corpus petition on March 6, 2008.

Vance's one-year statute of limitations had nearly expired when he filed his initial state habeas petition. Had the initial state habeas petition not been filed on April 23, 1997, the limitations period provided by § 2244(d) would have expired at the end of the following business day.

After Vance's initial state petition was dismissed without prejudice, several months elapsed and Vance had no motions pending before the state courts during that time. After the second habeas petition was dismissed, Vance waited several years before filing a belated appeal. The one-year statute of limitations under § 2244(d) expired in the

---

2006).

[2] Because July 21, 2001, was a Saturday, Vance could have filed a timely appeal as late as Monday, July 23, 2001. The State asserts that the clock on Vance's limitations period would have begun running again at this time.

interim, and Vance's belated appeal cannot renew the limitations period.

> While a "properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.

Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003); Gorby v. McNeil, 530 F.3d 1363, 1366-68 (11th Cir. 2008).

The AEDPA statute of limitations can be equitably tolled if the prisoner was diligent, and extraordinary circumstances prevented a timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Vance has not asserted that equitable tolling applies in this case, and there are no facts before the Court that suggest the doctrine would apply here.

Accordingly, Respondents' motion to dismiss is **GRANTED**. Dkt. Nos. 9 & 17. The Clerk is **DIRECTED** to enter judgment accordingly.

**SO ORDERED**, this ___13th___ day of November, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)